### *EX PARTE* LYNCH AND BACHMAN & YOUMANS,

#### *IN RE* REEVES v. TAPPAN AND GARY.

#### DIAL v. GARY & TAPPAN.

1. A mortgagor, being sued by strangers for the recovery of the mortgaged land, informed the mortgagee that he proposed to make terms with the plaintiffs, as he had been advised by counsel that the claim could not be successfully resisted; thereupon the mortgagee obtained leave of the court to make defence to the action, and succeeded in defeating it, and the property thus saved was worth more than the mortgage debt. *Held*, that the attorneys for the mortgagee were not entitled to payment for their services out of the surplus value of the mortgaged land.

2. There having been no contract, express or implied, between the mortgagor and mortgagee, no promise to pay arises, notwithstanding the benefit which enured to the mortgagor from the services rendered by these attorneys to the property in which they both had an interest. *Hand* v. *Railroad Company*, 21 *S. C.*, 162, approved.

3. The order of the court permitting these attorneys to appear for the mortgagee and defend the title of the mortgagor, did not constitute them attorneys for the mortgagor. Indeed, the Circuit Judge had no such power.

13

4. In action for the breach of a covenant of general warranty, fees paid to an attorney by the covenantee for defending the title cannot be recovered as damages.

5. This court concurred with master and Circuit Judge in holding that there was no collusion between this mortgagor and the plaintiffs in the action for recovery of the land.

Before WITHERSPOON, J., Richland, April, 1885.

This was a petition by R. A. Lynch and Bachman & Youmans, attorneys, to be paid a fee for services rendered in establishing the title of Gary & Tappan to real property in the city of Columbia, and that the amount of such fee be decreed to be a lien upon said real property. The case was referred to the master and afterwards came before the Circuit Court on exceptions to his report. The decree upon these exceptions was as follows:

The first and third exceptions of the petitioners in substance allege error on the part of the master in not finding, as matter of fact, that there was such agreement and collusion between plaintiffs, Reeves *et al.*, and defendants, Gary & Tappan, as to constitute fraud. It appears that the defendant, Edwin F. Gary, chiefly advised with counsel employed by defendants, Gary & Tappan, in the Reeves *et al.* suit. It also appears from the testimony that, prior to the July term, 1882, of the court, the defendants, Gary & Tappan, were advised by their counsel that they could not successfully defend their title in the suit of Reeves *et al.* It further appears from the testimony that under this advice and regarding further litigation as hopeless, the defendant, Edwin F. Gary, either directly or through counsel, consulted with plaintiffs' counsel, both in the suit of Reeves *et al.* and in the suit of Dial, administrator, to ascertain the best terms upon which the defendants, Gary & Tappan, could be relieved of further litigation and expense in defending the title in the suit of Reeves *et al.*

It does not appear that the defendants, Gary & Tappan, actually received any pecuniary benefit resulting from such negotiations for a settlement. Having paid a considerable amount for the property in 1872, it was natural and reasonable in 1884, when advised by their counsel that their title was worthless, that the

defendants, Gary & Tappan, should endeavor, under the advice of said counsel, to secure the best terms of settlement that they could get. These propositions for settlement were not only submitted to the plaintiffs in the suit of Reeves *et al.*, involving the title, but also to Dial, administrator, who was seeking to foreclose the mortgage. I think that the master's conclusion as matter of fact, that there was no intent upon the part of Gary to defraud Dial, administrator, is sustained by the evidence. The first and third exceptions are overruled.

The petitioners' *second* exception alleges that the master erred in not finding that the counsel for Gary & Tappan were *passive* in the proceedings referred to rather than *inactive*. Having concurred with the master that the defendants, Gary & Tappan, were not influenced by any intent to defraud Dial, administrator, it seems to me that the attitude of Gary & Tappan's counsel after the counsel for Dial, administrator, had assumed the defence in the suit of Reeves *et al.*, is a matter of little consequence. The second exception is also overruled.

It appears that Judge Cothran has filed a decree in the foreclosure suit of Dial, administrator, *v.* Gary & Tappan, adjudging that the plaintiff is entitled to a sale of the mortgaged premises to pay his debt. From this decree the defendants, Gary & Tappan, have given notice of appeal. There can be no doubt that the petitioners rendered valuable services in sustaining Gary & Tappan's title in the suit of Reeves *et al.* If Gary & Tappan are liable for such services, I think the amount of compensation reported by the master is reasonable. It is clear that both Dial, administrator, and Gary & Tappan, have derived considerable pecuniary benefit from such professional services.

But the main question to be considered and determined is whether or not Gary & Tappan are legally liable to the petitioners for their valuable professional services rendered in sustaining the title in the case of Reeves *et al. v.* Gary & Tappan. The defendants, Gary & Tappan, contend that they are not liable for such professional services rendered by petitioners. As stated in *Nimmons* v. *Stewart* (13 *S. C.*, 447), a claim for professional, like other claims for services, must rest on the contracts of the parties, express or implied, and can only be established on proof

of such contract, against the party who makes the engagement. This is the general rule, to which, however, there are exceptions on the equity side of the court. See, also, *Hand* v. *Railroad Company*, 21 *S. C.*, 179.

There is neither allegation nor proof of any express contract or agreement between the petitioners and Gary & Tappan, with reference to the professional services of the petitioners. The ground upon which the petitioners rely is, that having established Gary & Tappan's title, they are entitled to an equitable lien upon the mortgaged property as against Gary & Tappan to secure a fee, said lien growing out of the mortgage and other proceedings above recited. The motion of Dial, administrator, to be allowed to come into the suit of Reeves *et al.* to defend the mortgagor's title was resisted by the attorneys of Reeves *et al.*, but was not resisted by the attorneys of Gary & Tappan. The petitioners were allowed to come into the suit of Reeves *et al.* as counsel for Dial, administrator. It does not appear from the proceedings in the above causes, independent of the mortgage, upon what ground the petitioners can establish an equitable lien upon the mortgaged premises, for their services as against Gary & Tappan.

It is, however, contended that petitioners are entitled to compensation from Gary & Tappan, and to a lien upon the property *under the covenant of warranty* in the mortgage of Gary & Tappan to Asa Burke. The covenant is as follows: "And we do hereby bind ourselves and our heirs, executors, and administrators, to warrant and for ever defend all and singular the said premises unto the said Asa Burke, his heirs and assigns, for and against us and our heirs, executors, and administrators, lawfully claiming, or to claim, the same, or any part thereof." In the case of *Faries* v. *Smith*, 11 *Rich.*, 80, it is held: "A warranty in the usual form against the grantor and his heirs is a covenant of seizure and of quiet enjoyment, not against the world, but against the grantor and his heirs."

This warranty does not contain the language usually employed where a *general warranty is intended*. A covenant of warranty is to be construed as a contract, under which the parties can enlarge or limit their ability, as they see proper. See the *proviso* to section 1775 of the General Statutes. Under the covenant of

warranty in the mortgage above quoted, Gary & Tappan bound themselves to defend the title only against themselves, their heirs, executors, and administrators. In the absence of fraud on their part, I do not think that Gary & Tappan, under their warranty, were under any legal obligation to defend the title against Reeves *et al.*, especially after being advised by their eminent counsel that it would be a hopeless undertaking. If Gary & Tappan, under the covenant of warranty in the mortgage, were under no legal duty or obligation to defend their title against the claim of the plaintiffs, Reeves *et al.*, there can be no implied undertaking on their part to pay the fees of the attorneys of Dial, administrator, for defending said title, as nothing can be implied contrary to the stipulations of the parties.

Counsel for petitioners cites 2 *Jones on Mortgages*, section 1606, which states that "Courts of Equity may allow a mortgagee counsel fees in defending his title without an express contract." The author in his notes refers to two cases in support of this proposition, to wit: *Lomax* v. *Hide*, 2 *Vernon*, 185, and *Hunt* v. *Fownes*, 9 *Vesey*, 70. I do not think either of these cases applies to the claim of petitioners. In the first of the cases cited a bill was filed by a second mortgagee to redeem, in which the senior mortgagee in possession was allowed his costs and expenses in foreclosure, and the latter case involved the allowance to the mortgagor of the necessary expenses in procuring administration upon the estate of a necessary party to the suit for foreclosure. I can find no case in this State in which the point raised by the petitioners has been adjudicated, and have not been referred to any authority in law or established principle in equity upon which, in my judgment, the claim of the petitioners for counsel fees as against Gary & Tappan can be sustained.

The defendants, Gary & Tappan, contend that the petition herein cannot be sustained, as they have never been served with a copy of the petition or the order of reference. It is sufficient, on this point, to say that I cannot review the order of Judge Cothran directing service of the petition upon the counsel of Gary & Tappan, but must confine myself to the consideration of the petition, the master's report, and the exceptions thereto.

It is ordered and adjudged, that the petition herein of R. A. Lynch, Wm. K. Bachman, and LeRoy F. Youmans, be dimissed with costs.

From this decree the petitioners appealed on several exceptions, which raised the points considered in the opinion of this court.

*Mr. John T. Rhett,* for appellants.

*Messrs. Clark & Muller,* contra.

July 7, 1886.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    The petition in this case was filed by the appellants *in re* the two cases above stated, for the purpose of obtaining a reasonable fee for their professional services, in establishing the title of said Gary & Tappan to certain real estate in the city of Columbia, mortgaged by the said Gary & Tappan to Asa Burke, the intestate of Dial ; and to have the amount of said fee declared a lien upon said real estate.

It appears that the appellants were retained as attorneys by Dial to foreclose certain mortgages on real estate in the city of Columbia given by Gary & Tappan to Dial's intestate, a portion of the mortgaged premises being designated as the Gervais street property, and another portion as the Blanding street property. In the meantime, Sarah N. Reeves and others instituted an action to recover possession of the Gervais street property against Gary & Tappan, in which action the defendants were represented by counsel, other than the appellants, to wit, by Messrs. Melton & Clark.    While these two actions were pending, viz., the action for foreclosure and the action for ejectment, and shortly before the commencement of the term of court at which they stood for trial, Dial, the mortgagee, learned through the appellants, his attorneys, that Gary & Tappan, having been advised by their counsel that no valid defence could be made to the action of ejectment brought by Reeves and others, proposed to make terms with the plaintiffs in that action, whereby, for a consideration, the defence would be abandoned.

This information was communicated to the appellants as attorneys for Dial by the attorneys representing Gary & Tappan in

the action for ejectment, accompanied with a proposition to make terms with Dial, which proposition was declined by the appellants as attorneys for Dial. Thereupon appellants gave notice of a motion for an order directing Dial to be made a party defendant to the action brought by Reeves and others against Gary & Tappan, which motion was resisted by the counsel for Reeves and others, and advocated by the appellants, the counsel for Gary & Tappan taking no part, either for or against the motion. As the result of this motion, an order was granted : "That the said George L. Dial, as said administrator of the said Asa Burke, deceased, the mortgagee, be, and he is hereby, permitted to come in and defend the title of the said defendants, Henry L. Tappan and Edwin F. Gary, the mortgagors of the said Asa Burke, to the premises set forth in the complaint, and that Messrs. Lynch and Bachman & Youmans be permitted to enter their names as counsel of record in this cause for the said George L. Dial, as administrator aforesaid. * * * It is further ordered, that in the meantime the cause of George L. Dial, administrator aforesaid, against said Tappan & Gary, to foreclose the mortgage hereinbefore referred to, now also at issue in this court, be, and the same is hereby, suspended until the further order of this court herein."

From this time forward the appellants seem to have had the entire charge of the defence of the ejectment suit, which they conducted to a successful result, thereby establishing the title of Gary & Tappan as against the Reeves to the mortgaged premises,[1] which, according to the testimony, seems to exceed in value the amount of the mortgage debt ; and out of such excess appellants claim that that they are entitled to a reasonable fee for the successful defence of the title of the mortgagors. There can be no doubt that the appellants have rendered most efficient and valuable professional services, which have enured to the benefit of Gary & Tappan, and for which, as a matter of abstract justice and equity, they should be well compensated. The question, however, for us to decide is, whether there is any legal or equitable principle upon which a court can decree such compensation to them out of the property of Gary & Tappan.

[1] See *Reeves* v. *Tappan*, 21 *S. C.*, 1.—REPORTER.

The question as to what will constitute a sufficient ground to base a claim for professional services as between attorney and client has been so recently and so fully and satisfactorily discussed by Mr. Chief Justice Simpson in the case of *Hand* v. *Savannah & Charleston R. R. Co.* (21 *S. C.*, 162), that we need not go behind that case either for argument or authority. The underlying principle of that case is, that such a claim, like every other claim for services rendered, as between parties who are *sui juris*, must ultimately rest upon contract, either express or implied, made by the party to be charged, either directly or through some authorized agent or representative. As is said in that case: "No one can legally claim compensation for voluntary services to another, however beneficial they may be, nor for incidental benefits and advantages to one, flowing to him on account of services rendered to another, by whom he may have been employed. Before a legal charge can be sustained, there must be a contract of employment, either expressly made or superinduced by the law upon the facts."

Testing this case by these principles, we are forced to the conclusion that the claim of these appellants cannot be sustained. It is conceded, and properly conceded, that there is no evidence whatever of any express contract upon which the claim can be based. Is there any evidence from which a contract can be implied? As we have seen, the mere fact that the services rendered by the appellants have enured to the benefit of Gary & Tappan is not sufficient to imply a contract to pay for such services; for it not unfrequently happens that professional services rendered by the attorney of one of the parties to an action contribute very largely to the promotion of the interests of another party to the action, represented by another attorney, and it has never been supposed that such incidental benefit constituted any foundation for a legal claim. As is said in the case just cited: "Thus it will be seen that such charges are allowed, not simply and alone because services have been rendered which have been beneficial to the common interest, but upon the ground that they were rendered by the authority of those having the common interest exercised by the representative, the compensation for which was to be chargeable to the fund protected or recovered."

Now, to bring this case under the principle just stated, it would be necessary not only to assume, what may be conceded, that the mortgaged premises here constituted a common fund, in which Gary & Tappan on the one hand and Dial on the other had a common interest, but also to assume that Dial, when he employed the appellants to assist in the defence of the ejectment suit, was acting as the authorized representative of such common interest; and this latter assumption is not only without any support whatever in the testimony, but is directly in the teeth of it. These parties were not only not acting in concert, so as to authorise the inference that one was the representative of the other; but, on the contrary, they were at variance. Gary & Tappan, under the advice of their counsel, were unwilling to contest the Reeves claim, and unwilling, therefore, to incur any further expense or liability in conducting what they were advised and believed was a hopeless litigation; while Dial, under the advice of his counsel, was not only willing, but anxious, to carry on the contest, and for this purpose employed his own counsel, upon his own responsibility, and at his own charge.

Suppose it had been made to appear that Dial, finding that the counsel originally employed to defend the ejectment suit had no confidence in the defence, had proposed to Gary & Tappan to unite with him in employing the appellants, who were more sanguine of success, to conduct the defence, and Gary & Tappan had, in terms, declined to do so; and suppose that Dial had thereupon instructed the appellants to defend the action, and thereby became liable to them for the payment of their fee, and a successful defence had been made; would it be possible in such a case for a court to hold Gary & Tappan liable on a contract which they not only had not made, but had expressly refused to make, simply because the result of the defence, undertaken by Dial for the protection of his own interest, had enured to the benefit of Gary & Tappan? This would be directly in conflict with the principles laid down in *Hand's* case, *supra*, and subversive of the fundamental law of contracts.

Now, it seems to us that the case just supposed is no stronger that that which, in effect, appears in the testimony in this case. It is quite clear that Gary & Tappan, under the advice of emi-

nent counsel, which, besides being of itself entitled to very great weight, seems to have been fortified by the well-nigh unanimous opinion of the Columbia bar, had lost all confidence in being able to make a successful defence to the action of ejectment, and had not only so informed their mortgagee, Dial, but had also expressed their purpose to make the best terms they could, either with the Reeves or with Dial himself; and that when Dial, being thus informed, made his motion to be allowed to come in and defend the title to the mortgaged premises, the motion was neither resisted nor advocated by Gary & Tappan. This conduct on the part of Gary & Tappan indicated as clearly as the most explicit language could have done, that they absolutely declined to incur any further expense or liability in continuing what they were advised and believed was a hopeless contest, though they would not, perhaps because they could not, interpose any obstacle in the way of Dial's continuing the fight, if he desired to do so, for the protection of his own interest ; for it appears from the testimony that Dial's only chance of securing the payment of his debt was out of the proceeds of the sale of the mortgaged premises.

Under this state of facts it seems to us that it would be straining a point to infer that Dial, in employing the appellants to continue the defence of the ejectment suit, was acting as the authorized representative or agent of Gary & Tappan ; for to reach such a conclusion, it would be necessary to infer that Gary & Tappan had authorized Dial, as their representative, to do that which they had expressly declined to do for themselves. We think it quite clear that there is no evidence whatever from which to infer that there was any implied contract on the part of Gary & Tappan to compensate appellants for their professional services in defending the ejectment suit.

It is urged, however, that this matter is concluded by the order of Judge Witherspoon permitting Dial to come in and defend the title of his mortgagors in the action of ejectment. We do not so understand that order. Judge Witherspoon would not have had the power to appoint counsel for parties *sui juris* already represented by counsel of their own choice, and he did not undertake to exercise any such unauthorized power, as is shown by the language

of his order. He did not undertake to appoint the appellants as attorneys for Gary & Tappan ; but, on the contrary, the language of his order was that these gentlemen "be permitted to enter their names as counsel of record in this cause for the said George L. Dial, as administrator aforesaid"—for the purpose of defending the title of his mortgagors to the mortgaged premises, as it was manifestly for his own interest to do, inasmuch as his only hope of realizing his debt would be out of the proceeds of the sale of the mortgaged premises, as it appears in the testimony that the mortgagors are wholly insolvent, and one or both of them have left the State.

Again, it is urged that Gary & Tappan, by the terms of the warranty contained in their mortgage held by Dial, was under an obligation to defend the title to the mortgaged premises against all the world, and that when the duty imposed by this obligation was performed by Dial, they were liable to him for the expenses incurred in so doing, and hence bound to pay the appellants their fee as attorneys for Dial. The covenant of warranty contained in the mortgage is in the following language: "And we do hereby bind ourselves and our heirs, executors, and administrators, to warrant and for ever defend all and singular the said premises unto the said Asa Burke, his heirs and assigns, for and against us and our heirs, executors, and administrators, lawfully claiming, or to claim, the same, or any part thereof." Whether this language would amount to a general warranty (which might be open to serious question) ; and whether, even if it be a general warranty, Gary & Tappan were thereby bound to defend the action of ejectment brought by Reeves and others, subsequent to the mortgage held by Dial, are questions which need not be considered ; for it is well settled in this State, that in action for the breach of a covenant of general warranty, fees paid to an attorney for defending the title by the covenantee cannot be recovered as damages. *Jeter* v. *Glenn*, 9 *Rich.*, 380. And if Dial could not recover from Gary & Tappan, it would seem to follow that his attorneys could not.

The alleged fraudulent collusion between Gary & Tappan with the plaintiffs in the ejectment suit, which is relied upon by appellants as one of the grounds upon which they are entitled to

recover, being without the basis of fact upon which it rests, need not be considered. The master and the Circuit Judge concur in finding that there was no fraud, and surely their finding is not so wholly unsupported by the testimony as to warrant this court, under the well settled rule, in disturbing such finding.

Under the view which we have taken of this case, the question whether the fee of appellants can be declared an equitable lien on the mortgaged premises cannot arise, and need not, therefore, be considered.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.